1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KORY T. O'BRIEN,                          No.  2:23-cv-1112 KJN P

12              Plaintiff,

13         v.                                   ORDER

14    CALIFORNIA DEPARTMENT OF
      CORRECTIONS, et al.,

15
              Defendants.

16

17
          Plaintiff is a state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18
§ 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19
proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20
          Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

21
Accordingly, the request to proceed in forma pauperis is granted.

22
          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23
§§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in

24
accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25
the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26
forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments

27
of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

28
                                             1

1  payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3  § 1915(b)(2).

4         As discussed below, plaintiff's complaint is dismissed with leave to amend.

5  Screening Standards

6         The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

18  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

19  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

20  1227.

21         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

24  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

26  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

27  sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

28  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2  Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

3  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

4  true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

5  pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

6  (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7  The Civil Rights Act

8  　　　　To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal

9  constitutional or statutory right; and (2) that the violation was committed by a person acting under

10  the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

11  930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the

12  facts establish the defendant's personal involvement in the constitutional deprivation or a causal

13  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

14  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44

15  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

16  for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679

17  (2009).  The requisite causal connection between a supervisor's wrongful conduct and the

18  violation of the prisoner's constitutional rights can be established in a number of ways, including

19  by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,

20  or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,

21  1208 (9th Cir. 2011).

22  Plaintiff's Complaint

23  　　　　Plaintiff alleges that defendants violated his rights under the ADA, discriminated against

24  him, and violated the Eighth Amendment by housing him in a cell with no heat, and failing to

25  move plaintiff once it was determined the heat could not be repaired.  Plaintiff names as

26  defendants the California Department of Corrections and Rehabilitation ("CDCR"); California

27  Medical Facility ("CMF"), D. Hurtado, Associate Warden/ ADA Coordinator; M. Vidales,

28  Grievance Coordinator; M. Osman, Chief Medical Executive; A. Vessigault, HCCA, E. Baikova,

1   psychologist; F. Castrillo, HCC; D. House, Plant Ops; and M. Clayton Johnson, principal.

2   Plaintiff seeks money damages, as well as an order enjoining defendants from housing inmates in

3   cell 119 until the cell can be properly heated.

4   Discussion

5           Americans with Disabilities Act ("ADA")

6           Plaintiff alleges a violation of Title II of the ADA, which prohibits discrimination on the

7   basis of disability.  Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the

8   Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability

9   shall, by reason of such disability, be excluded from participation in or be denied the benefits of

10  the services, programs, or activities of a public entity, or be subject to discrimination by such

11  entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.

12  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v.

13  Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  In order to state a claim under the ADA, plaintiff

14  must have been "improperly excluded from participation in, and denied the benefits of, a prison

15  service, program, or activity on the basis of his physical handicap."  Armstrong, 124 F.3d at 1023.

16          Here, plaintiff cannot bring an action under 42 U.S.C. § 1983 against an individual state

17  official to vindicate rights created by Title II of the ADA.  See Vinson v. Thomas, 288 F.3d 1145,

18  1156 (9th Cir. 2002).

19          Moreover, it does not appear that plaintiff can state a cognizable ADA claim against

20  defendants CDCR and CMF.  Violations based on treatment or lack of treatment, including

21  certain accommodations, do not support an ADA claim.  The ADA prohibits discrimination

22  because of disability, not inadequate treatment for disability.  Simmons v. Navajo Cty., Ariz., 609

23  F.3d 1011, 1022 (9th Cir. 2010) (the ADA is not violated by prison's failure to attend to medical

24  needs of disabled prisoners), overruled on other grounds by Castro v. County of Los Angeles, 833

25  F.3d 1060 (9th Cir. 2016) (en banc); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)

26  ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of

27  its disabled prisoners . . . .  The ADA does not create a remedy for medical malpractice.").  Also,

28  inadequate treatment or lack of treatment for plaintiff's mental health condition does not in itself

4

1    suffice to create liability under the ADA.  Tandel v. Cty. of Sacramento, 2015 WL 1291377, at

2    *18 (E.D. Cal. Mar. 20, 2015).  Thus, plaintiff's complaint regarding mental health treatment

3    decisions is not sufficient to state a claim under the ADA.  Bryant, 84 F.3d at 249 ("Bryant was

4    not treated worse because he was disabled.").

5           Here, apparently plaintiff was not treated worse because of any disability.  Rather, his

6    complaint makes clear that his chronic medical conditions required him to be housed on the first

7    tier with a lower bunk.  At the time, the only cell on the lower level that had a lower bunk

8    available was cell 119, and prison officials subsequently confirmed that the heating system to cell

9    119 was broken and beyond repair.  While the failure to provide heat is unacceptable, such

10   allegations do not state a claim under the ADA.

11          Equal Protection Clause

12          Plaintiff's discrimination claim also fails under the Equal Protection Clause.  To state a

13   claim under the Equal Protection Clause for a member of a protected class, a plaintiff must

14   demonstrate that (1) he is a member of a protected class and (2) that the defendant acted with an

15   intent or purpose to discriminate against him based upon his membership in a protected class.

16   Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998).  A mental disability is not a quasi-

17   suspect classification.  City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 442 (1985).

18   Although disabled persons do not constitute a suspect class, the Equal Protection Clause prohibits

19   irrational and invidious discrimination against them.  Dare v. Cal., 191 F.3d 1167, 1174 (9th Cir.

20   1999).  The disabled plaintiff must have been treated differently than others similarly situated, by

21   reason of the plaintiff's classification.  Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir.

22   2001).  "'Discriminatory purpose'. . . implies more than intent as volition or intent as awareness

23   of consequences.  It implies that the decisionmaker . . . selected or reaffirmed a particular course

24   of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an

25   identifiable group."  Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979) (internal

26   citation omitted).

27          Again, plaintiff was not placed or retained in the unheated cell because of his mental

28   disability, but rather based on his chronic medical conditions that required "continuous

1   monitoring." (ECF No. 1 at 7.)  Therefore, plaintiff fails to state a cognizable Fourteenth

2   Amendment claim.

3            Conditions of Confinement

4            Instead, plaintiff's allegations concern his conditions of confinement and fall squarely

5   under the Eighth Amendment.

6            In order for a prison official to be held liable for alleged unconstitutional conditions of

7   confinement, the prisoner must allege facts that satisfy a two-prong test.  Peralta v. Dillard, 744

8   F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The first

9   prong is an objective prong, which requires that the deprivation be "sufficiently serious."  Lemire

10  v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at

11  834).  In order to be sufficiently serious, the prison official's "act or omission must result in the

12  denial of the 'minimal civilized measure of life's necessities."  Lemire, 726 F.3d at 1074.  The

13  objective prong is not satisfied in cases where prison officials provide prisoners with "adequate

14  shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d

15  726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)).

16  "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional

17  violation.  Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the

18  objective basis of a violation, but only if such deprivations are lengthy or ongoing").  Rather,

19  extreme deprivations are required to make out a conditions of confinement claim, and only those

20  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

21  form the basis of an Eighth Amendment violation.  Farmer, 511 U.S. at 834; Hudson v.

22  McMillian, 503 U.S. 1, 9 (1992).  The circumstances, nature, and duration of the deprivations are

23  critical in determining whether the conditions complained of are grave enough to form the basis

24  of a viable Eighth Amendment claim.  Johnson v. Lewis, 217 F.3d at 731.

25           The second prong focuses on the subjective intent of the prison official.  Peralta, 774 F.3d

26  at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837).  The deliberate indifference standard

27  requires a showing that the prison official acted or failed to act despite the prison official's

28  knowledge of a substantial risk of serious harm to the prisoner.  Id. (citing Farmer, 511 U.S. at

1   842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991) (en banc),

2   abrogated on other grounds by Farmer, 511 U.S. at 836.  Mere negligence on the part of the

3   prison official is not sufficient to establish liability.  Farmer, 511 U.S. at 835.

4           Here, plaintiff's allegations satisfy the objective prong of "inhumane prison conditions."

5   Farmer, 511 U.S. at 838.  Heat is a fundamental attribute of "shelter," a basic Eighth Amendment

6   concern.  Toussaint v. McCarthy, 597 F. Supp. 1388, 1409 (N.D. Cal. 1984), aff'd in part, rev'd

7   in part, 801 F.2d 1080 (9th Cir. 1986).  Plaintiff provides detailed facts concerning how the lack

8   of heat negatively impacted both his physical and mental health.  While plaintiff does not

9   specifically state how long he was housed in cell 119 without heat, his allegations suggest such

10   housing was at least from December 13, 2021, to March 10, 2022.

11           However, plaintiff fails to allege facts sufficient to meet the subjective prong of deliberate

12   indifference.  Plaintiff names eight individual defendants,[1] including an associate warden, a

13   psychologist, Chief Medical Executive, plant ops, and principal, but plaintiff provides no specific

14   facts demonstrating that each named defendant was personally involved in plaintiff's housing in

15   the unheated cell or responsible for repairing the lack of heat in cell 119 that gives rise to

16   plaintiff's Eighth Amendment claim.  Rather, he simply refers to "defendants" throughout his

17   complaint.  Such conclusory allegations are not sufficient.  See Iqbal, 556 U.S. at 678.  Plaintiff is

18   required to provide specific facts to allow the court to draw a reasonable inference that each

19   defendant is liable for the alleged conduct.  See id.

20           Plaintiff also names M. Vidales, grievance coordinator, A. Vessigault, employed as

21   "HCCA," and F. Castrillo, employed as "HCG."  (ECF No. 1 at 4.)  To the extent that plaintiff's

22   claims against defendants Vidales, Vessigault, and Castrillo are based on their roles in the denial

23

24   [1] Plaintiff also names the CDCR and CMF as defendants.  The Eleventh Amendment serves as a
     jurisdictional bar to suits brought by private parties against a state or state agency unless the state
25   or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh,
     438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).
26   In the instant case, the State of California has not consented to suit.  Therefore, to the extent
     plaintiff attempts to bring Eighth Amendment claims against the CDCR and CMF, such claims
27   are frivolous and must be dismissed.  Plaintiff should not include such Eighth Amendment claims
     against the CDCR and CMF in any amended complaint.
28

7

1   of plaintiff's administrative appeals, such allegations are insufficient to state a Section 1983

2   claim.  As noted above, plaintiff fails to specifically set forth what Vidales, Vessigault and

3   Castrillo did or did not do that violated plaintiff's Eighth Amendment rights.  Also, the Ninth

4   Circuit has held that a prisoner has no constitutional right to an effective grievance or appeal

5   procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S.

6   1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also, e.g., George v. Smith,

7   507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil

8   rights violations can be held responsible and that "[r]uling against a prisoner on an administrative

9   complaint does not cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300

10  (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the

11  prisoner's administrative grievances could not be held liable under Section 1983), cert. denied,

12  530 U.S. 1264 (2000); Wright v. Shapirshteyn, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009)

13  ("[W]here a defendant's only involvement in the allegedly unconstitutional conduct is the denial

14  of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged

15  unconstitutional behavior does not amount to active unconstitutional behavior for purposes of

16  § 1983.").

17         Finally, to the extent plaintiff attempts to impose § 1983 liability on defendants Chief

18  Medical Executive M. Osman and Associate Warden Hurtado based solely on the acts of their

19  subordinates, such claims are not cognizable because supervisory personnel generally are not

20  liable on any theory of respondeat superior or vicarious liability.  Iqbal, 556 U.S. at 676

21  ("government officials may not be held liable for the unconstitutional conduct of their

22  subordinates under a theory of respondeat superior liability.")  A supervisor "is only liable for his

23  or her own misconduct, and is not "accountable for the misdeeds of [his or her] agents." Id. at

24  677.  Mere knowledge of a subordinate's alleged misconduct is insufficient. Id.

25         Again, plaintiff provides no specific acts or omissions on the part of defendants Hurtado

26  or Osman that demonstrate either had knowledge of, or any connection to, any unconstitutional

27  treatment plaintiff was receiving.

28  ////

8

1  Leave to Amend

2      In light of the above deficiencies, plaintiff's complaint must be dismissed.  The court will,

3  however, grant leave to file an amended complaint.

4      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5  about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g.,

6  West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how

7  each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no

8  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

9  defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633

10  F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague, and conclusory allegations of official

11  participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266,

12  268 (9th Cir. 1982).

13      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

14  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15  complaint be complete in itself without reference to any prior pleading.  This requirement exists

16  because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

17  v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

18  supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation

19  omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

20  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

21  and the involvement of each defendant must be sufficiently alleged.

22      In accordance with the above, IT IS HEREBY ORDERED that:

23      1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27  Director of the California Department of Corrections and Rehabilitation filed concurrently

28  herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: December 12, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

.obri1112.14n

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      KORY T. O'BRIEN,                              No.  2:23-cv-1112 KJN P

                     Plaintiff,
12

13             v.                                     NOTICE OF AMENDMENT

        CALIFORNIA DEPARTMENT OF
14      CORRECTIONS, et al.,

15                   Defendants.

16
             Plaintiff hereby submits the following document in compliance with the court's order
17
        filed_____.
18
                            _____          Amended Complaint
19      DATED:

20

21                                                  _____
                                                    Plaintiff
22

23

24

25

26

27

28