UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY T. O'BRIEN, | No. 2:23-cv-1112 DJC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,[1] | |
| Defendants. | |

I.  INTRODUCTION

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff's fully briefed motion to reinstate this case is before the Court.  The Court recommends that plaintiff's motion be denied.

II.  BACKGROUND

On September 26, 2024, Magistrate Judge Dennis M. Cota held a settlement conference by Zoom, during which the parties reached a settlement.  (ECF No. 29.)  Judge Cota read the terms of the settlement on the record to which the parties agreed.  (ECF No. 34.)  The parties entered into a stipulation of dismissal with prejudice, and this action was terminated on October 15, 2024.  (ECF No. 31.)

---

[1]  Plaintiff's original complaint named the "California Department of Corrections" as the lead defendant.  (ECF No. 1.)  However, the proper title is "California Department of Corrections and Rehabilitation," which is known by the acronym "CDCR."

1

On April 24, 2025, plaintiff filed a "Motion for Reinstatement," in which he seeks to reinstate this civil rights action under 18 U.S.C. § 3626, in light of defendants' purported breach of the settlement of this action. (ECF No. 32.) Plaintiff claims he did not receive payment of the settlement proceeds within the 160 days allowed for such payment. (Id. at 1.) Plaintiff's motion was signed on April 21, 2025. (Id. at 3.)

On May 15, 2025, defendants filed an opposition, claiming that the parties agreed that payment of the settlement proceeds could take up to 180 days, and the 180 day time frame began when plaintiff completed and returned all necessary settlement paperwork to counsel for defendants, which took place on October 8, 2024. (ECF No. 36 at 2; 36-1 at 12.) In addition, pursuant to the settlement agreement, defendant CDCR agreed to make a good faith effort to accomplish payment within the 180 day time frame, which expired on April 6, 2025. (ECF No. 36 at 2-3; 36-1 at 9) The stipulated dismissal was filed on October 11, 2024, and settlement documents were sent to CDCR for processing on the same day. (ECF No. 36 at 2.) On April 10, 2025, plaintiff was issued payment of the $1,500 settlement proceeds, which deposited into his trust account on April 17, 2025. (Id.; ECF No. 36-1 at 2, 23-25.) Defendants also provided copies of the Settlement Agreement and Release (ECF No. 36-1 at 8-11), and the transcript of the September 26, 2024 settlement proceedings (id. at 15-21).

On June 2, 2025, plaintiff filed a reply, arguing he is entitled to sanctions or the reinstatement of this action because the settlement agreement was not mailed to plaintiff as agreed upon by the parties, adding another ten days to the delay, and defendants admit that they exceeded the 180 payment deadline by 11 days. (ECF No. 37 at 3.) Plaintiff contends this delay constitutes bad faith by delaying or hampering a court order, and if the Court declines to reinstate the case, it should award sanctions under its inherent authority. (ECF No. 37 at 2-3.)

III.    PRIVATE SETTLEMENT AGREEMENTS

Section 3626(c) of the Prison Litigation Reform Act ("PLRA") provides:

> Settlements.--
>
> (1) Consent Decrees.--In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection

2

> (a).
>
> (2) Private Settlement Agreements.--(A) Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.
>
> (B) Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.

18 U.S.C. § 3626(c). See also 18 U.S.C. § 3626(g)(6) (defining "private settlement agreement" as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled.").

IV.   SETTLEMENT TERMS

The Court reviewed the terms of the settlement placed on the court record and specifically set forth in the written settlement agreement and release signed by the parties. (ECF No. 36-1 at 8-11, 15-21.) Essentially, the agreement provided for payment of $1,500.00 in exchange for plaintiff's release of all claims against the defendants. (Id.) The court transcript reflects that "[p]ayment can take up to 180 days." (ECF No. 36-1 at 18.) The settlement agreement and release states, in pertinent part, that the

> CDCR will make a good faith effort to pay the settlement amount . . . within 180 days from the date plaintiff delivers to defendants a signed settlement agreement, a notice of voluntary dismissal with prejudice, and all of the required payee data forms. Plaintiff understands that payment may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to defendants or CDCR. Unless expressly stated otherwise, no interest shall be paid on the settlement amount.

(ECF No. 36-1 at 9.) The record confirms that all parties agreed to the terms of the settlement on the record.

V.   PLAINTIFF'S MOTION TO REINSTATE

A. Governing Standards

Courts have the authority to enforce a settlement agreement when the court has retained jurisdiction to enforce the agreement. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th

3

Cir. 1994). "The interpretation of a settlement agreement is governed by principles of state contract law. This is so even where a federal cause of action is 'settled' or 'released.'" Botefur v. City of Eagle Point, Or., 7 F.3d 152, 156 (9th Cir. 1993) (citations omitted). Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. See Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).

A party can rescind a contract under California law if the party's consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689. "One seeking rescission on account of fraud must be actually deceived by misrepresentation of a material fact and the other party must have intended to deceive by a misrepresentation of such material fact. Further, the party seeking to rescind must rely upon the fraudulent representation to his injury and damage before he can have the contract rescinded." Contra Costa Cnty. Title Co. v. Waloff, 184 Cal. App. 2d 59, 65 (1960).

"Under California law, [a] settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts." Ashker v. Newsom, 968 F.3d 939, 944 (9th Cir. 2020) (alteration in original; citations, footnotes, and quotation marks omitted). "[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

B. Discussion

Here, defendants provided evidence that the $1,500.00 settlement proceeds were deposited in plaintiff's trust account statement on April 17, 2025. (ECF No. 36-1 at 2, 25.) Plaintiff did not rebut the evidence he was paid the $1,500.00 settlement proceeds. Rather, plaintiff now objects that defendants breached the settlement agreement based on the initial delay in forwarding paperwork to him and on the 11 day delay in receipt of the settlement proceeds, relying on Sanchez v. Klemm, 2025 U.S. Dist. LEXIS 19715, at *1 (W. Dist. Pa. Feb. 3, 2025). (ECF No. 37 at 3-4.)

4

On June 25, 2024, the Third Circuit concluded that, although a district court lacks authority to enforce the terms of a private settlement agreement, the PLRA permits reinstatement of an underlying civil case in response to an alleged breach. Sanchez v. Klemm, 2024 WL 3160362, at *1 (3d Cir. 2024). The Third Circuit reversed the district court's denial of the prisoner's motion to reinstate and remanded the case for further proceedings. Id. at *3. On remand, in the case upon which plaintiff relies, the magistrate judge recommended that the case be reinstated. Sanchez v. Klemm, 2025 U.S. Dist. LEXIS 19715, at *1 (objections and reply pending as of July 20, 2025).

The Court finds Sanchez inopposite. In this case, the settlement judge specifically retained jurisdiction to enforce the settlement agreement. (ECF No. 34 at 5-6; 36-1 at 19-20.) Therefore, plaintiff is not entitled to reinstatement of his action under 18 U.S.C. § 3626(c). To the extent plaintiff seeks to enforce the settlement agreement, the motion fails because he has been paid the settlement proceeds.

As for delays, plaintiff's motion provides no basis for rescinding the settlement agreement. He alleges no fraud or other circumstance showing rescission is available under Cal. Civ. Code § 1689. Further, the brief delays cited by plaintiff, standing alone, constitute negligence at most, and do not support plaintiff's effort to withdraw from the settlement agreement, or his request for sanctions.

For all these reasons, plaintiff's motion should be denied.

VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for reinstatement (ECF No. 32) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 22, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/obri1112.setenf